[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR CONTEMPT
CT Page 3966 (DOCKET ENTRIES 131 AND 132)
The instant action concerns post judgement motions for contempt, docketed as numbers 131 and 132, one filed by each party. On December 4, 1996, the court dissolved the marriage of the parties and incorporated their separation agreement, drafted by Husband's counsel, into its decree. Article IV of said agreement, the provision in dispute, is complex, ambiguous, and appeared to be designed to fail. Under its terms, the Wife retained the right to live in the marital residence for five years, during which time the Husband was to pay half of all mortgage payments, taxes, insurance and repairs over $200. The mortgage payments were to be made directly to the Wife who was to remit the entire payment to the bank.
The separation agreement also provided (section 4.2) that the parties were to equally share the cost for various improvements to the pool deck, kitchen, living room, and an unfinished addition. Estimates for the work were to be obtained by the Husband and the work commenced within one year. The extent of the work to be done, who was to do it, when it was to be completed, and the mechanics of payment were not defined. Much was left to subsequent agreement between the parties. Further, section 4.3 provided that other repairs in excess of $200, not articulated in section 4.2, were to be equally shared.
At the time of the decree, unrelated to the separation agreement, the Husband was also ordered to pay an arrearage of $853 by the end of January of 1997.
In each instance, payment of half of the mortgage, the repairs called for in sections 4.2 and 4.3, and the arrearage payment of $853, the defendant violated the orders of the court. He did not pay the arrearage of $853 until after he appeared in court on a motion for contempt. He did not pay section 4.3 repairs of $1,853 until ordered to do so by the court. He did not pay his share of the mortgage payment of $6,912 until ordered to do so by the court.
Finally, he never obtained any estimates or did any work to complete the improvements dictated in section 4.2. His defense was that the Wife had failed to make the mortgage payments pursuant to sections 4.1(c) and 4.4 which triggered a sale of CT Page 3967 the premises, thereby rendering his obligation under the terms of the agreement moot. Another fear was that if he made the repairs, the Wife would not have been able to meet her one half (1/2) share of the cost leaving him with the entire burden. His defense was to no avail and unproven. Had he made his payments in a timely manner, the Wife might not have missed mortgage payments. Also, it was pure speculation that the Wife would not pay her one-half (1/2) share of the improvements had they been made as ordered.
To his credit, the Husband ultimately made the payments on the arrearage of $853, repairs of $1,853, and mortgage arrears of $6,912. As a result, the court did not find he was in wilful contempt but reserved decision on attorneys fees for the Wife's motions until the end of the hearing. The Husband's motion for contempt (number 132) was basically without merit but was considered in the orders fashioned herein. Therefore, the only issue remaining to be discussed is the Wife's motion for contempt (number 131), specifically that portion which deals with repairs (paragraph 4) and improvements (paragraph 5).
While not obligated to do so under the terms of the agreement, the Wife did obtain an estimate of the cost of repairs and improvements (Defendant's Exhibit one). A licensed contractor, who happened to be the Uncle of the Wife, testified to the following estimates:
Complete deck with heat $10,700
Fachia boards and gutters 2,900
Deck around pool 2,500
Outside paint 4,700
Landscape 1,700
Driveway curtain drain 7,500
Insulation 2,200
Total $32,100
The Husband claims that the estimate was questionable given the fact it came from the Wife's Uncle, exceeded the work CT Page 3968 described in the agreement, and was devoid of specifics. While there is some truth to the claim, the estimate did leave much to be desired, it was the only estimate before the court and was credible. The Husband clearly did not get any estimates within one year as required by the court order, nor did he present any expert testimony at the hearing despite having ample opportunity to do so. Had he done so the court might have had other evidence to consider. The Husband is in wilful contempt.
 ORDERS
1. The Wife shall have the responsibility of contracting for the repairs described above at the earliest possible date on the most favorable terms reasonably available.
2. Said repairs are to be completed within a reasonable period of time.
3. Upon receipt of the bill, the Wife shall promptly pay her one-half (1/2) share and forward a copy of the bill to the Husband who shall promptly pay his one-half (1/2) share.
4. In the event the Wife does not undertake the obligations imposed by these orders within a reasonable time, the provisions of Article 4.4 shall immediately apply.
5. In the event the Husband does not pay his one-half (1/2) share within 15 days of presentation of the bill by the Wife, interest at the statutory rate for money withheld shall accrue.
6. In addition to any other rights she might have to seek enforcement of these orders, the Wife may deduct the amount due from the Husband's share of the net equity as described in the Separation Agreement.
7. The court will retain jurisdiction to monitor compliance with the orders described above and hear any disputes regarding same.
8. The Husband is ordered to pay counsel fees of $5,000 within 90 days from date.
CUTSUMPAS, J. CT Page 3969